UNITED STATES OF AMERICA    )
                )
                )
   v.           )     ORDER
                )
CINDY TILLEY GREER     )
                )

This matter is before the court on defendant's letter dated 14 August 2013.  (DE # 218.)

Defendant requests that the court terminate her probation.  The court construes the letter as a

motion for early termination of supervised release pursuant to 18 U.S.C. § 3583(e)(1).  That

statute permits the court, after considering the pertinent § 3553(a) factors, to

> terminate a term of supervised release and discharge the defendant
> released at any time after the expiration of one year of supervised
> release, pursuant to the provisions of the Federal Rules of Criminal
> Procedure relating to the modification of probation, if it is satisfied
> that such action is warranted by the conduct of the defendant
> released and the interest of justice.

18 U.S.C. § 3583(e)(1).

In support of her motion, defendant represents that she has been on supervised release for

more than one year, has recently been placed on "low intensity" supervision, and has remained

employed since her term of supervised release began.  At the court's request, the U.S. Probation

Office responded to defendant's motion.  (DE # 219.)  The Probation Officer states that

defendant has fully complied with all conditions of supervision and that she is currently

supervised in the low intensity program designed for low risk, compliant offenders.  (Id.)

However, the Probation Officer recommends that the court deny defendant's motion based on

the Office's policy that offenders be supervised in the low intensity program for at least one year prior to being considered for early termination. (Id.) Thus, the Officer recommends that defendant remain under supervision in that program for another six months. (Id.)

Having fully considered all the relevant factors, the court concludes that early termination of defendant's supervised release is not warranted *at this time*. While it appears that defendant's conduct favors early termination, the court finds that *at this time* the interest of justice does not. It is appropriate for defendant to continue her transition back into the community in the low intensity program in accordance with U.S. Probation Office policy. The court commends defendant for her compliance with the conditions of supervised release and hopes to receive a favorable recommendation from the Probation Officer regarding early termination in the near future.

Defendant's motion is DENIED WITHOUT PREJUDICE to her (or the U.S. Probation Office's) filing of a subsequent motion for early termination of supervised release.

This 16 October 2013.

_____
W. Earl Britt
Senior U.S. District Judge